UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY M. FRIEND,<br><br>        Plaintiff,<br><br>    v.<br><br>P. JOHNSON, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-00267-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>[ECF No. 1] |

Plaintiff Johnny M. Friend is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Plaintiff filed the instant action on February 20, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names P. Johnson (Receiving & Departure "R&D" Supervisor) and T. Smith (R&D Officer), as Defendants in this action.

Plaintiff claims that after his unit counselor and unit case manager both verified the authenticity and time sensitive nature of an ongoing civil case, they sent emails to the R&D supervisor, P. Johnson, that Plaintiff was to be issued his legal property immediately.  The emails went unanswered and ignored, despite Plaintiff's repeated requests and attempts at obtaining his legal property.  Plaintiff also spoke directly to T. Smith on three separate occasions, in which he was told he would be put on call to get his legal property, but never did.  Plaintiff told T. Smith that he had a pending court appearance and court order directives that were time sensitive in which he replied that it wasn't his problem and that Plaintiff would be issued his property at the convenience of the R&D

2

staff.  Ultimately it took 16 days to issue Plaintiff's legal property, which resulted in dismissal of his case for failure to appear and follow court order directives.  Plaintiff had to re-file, which cost an additional amount of time and money needed for typing supplies, copies, stamps and envelopes.  P. Johnson is directly responsible as R&D Supervisor, four separate emails were sent directly to her, which she ignored.  T. Smith is directly responsible as he was directly contacted by Plaintiff and his unit counselor and chose to ignore Plaintiff's rights to his legal property, which subsequently denied Plaintiff's access to the court.

## III.

## DISCUSSION

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  The right of access is merely the right to bring to court a grievance the inmates wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  Claims from denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-415 (2002).   A prisoner alleging a violation of his right of access to the courts must demonstrate that he suffered "actual injury."  Lewis, 518 U.S. at 349-350.  The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."  Id. at 353.  The Supreme Court rejected the notion that the state must enable a prisoner to "litigate effectively once in court."  Id. at 354 (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825-826 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898-900 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).  However, prisoners have a right under the First Amendment to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials.  Silva v. DiVittorio, 658 F.3d 1090, 1103 (9th Cir. 2011).

Plaintiff fails to provide sufficient factual detail for the Court to properly determine whether a nonfrivolous action was dismissed as a result of his failure to gain access to his legal property by Defendants. If Plaintiff chooses to amend the complaint, he must provide sufficient factual detail as to the legal action that was dismissed as a result of the actions by Defendants, such as the nature of the suit, the date it was dismissed and the reason for dismissal. Without sufficient factual detail, Defendants cannot be placed on notice as to the specific nature of Plaintiff's claim for which he seeks relief and form a response thereto. Furthermore, it is unclear whether Plaintiff has not shown actual injury in that he concedes he re-filed the action. Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

///

waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed February 20, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 5, 2015**

UNITED STATES MAGISTRATE JUDGE