UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY M. FRIEND,<br><br>   Plaintiff,<br><br>  v.<br><br>P. JOHNSON, et al.,<br><br>   Defendants. | Case No.: 1:15-cv-00267-SAB (PC)<br><br>ORDER DISMISSING AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 8] |

  Plaintiff Johnny M. Friend is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 12, 2012. Local Rule 302.

  Now pending before the Court is Plaintiff's first amended complaint, filed June 26, 2015. (ECF No. 8.)

**I.**

**SCREENING REQUIREMENT**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names P. Johnson (Receiving & Departure "R&D" Supervisor) and T. Smith (R&D Officer), as Defendants in this action.

Plaintiff claims that after his unit counselor and unit case manager both verified the authenticity and time sensitive nature of an ongoing civil case, they sent emails to the R&D supervisor, P. Johnson, that Plaintiff was to be issued his legal property immediately. The emails went unanswered and ignored, despite Plaintiff's repeated requests and attempts at obtaining his legal property. Plaintiff also spoke directly to T. Smith on three separate occasions, in which he was told he would be put on call to get his legal property, but never did. Plaintiff told T. Smith that he had a

pending court appearance and court order directives that were time sensitive in which he replied that it was not his problem and that Plaintiff would be issued his property at the convenience of the R&D staff.  It ultimately took 16 days to issue Plaintiff's legal property, which resulted in dismissal of Plaintiff's child custody case on April 24, 2014, for failure to appear and follow court order directives. Actual injury was incurred to re-file the action by the cost of money for stamps, copies and typing materials in excess of one hundred dollars.  The dismissal was the direct result of the actions taken by P. Johnson and T. Smith.

## III.

## DISCUSSION

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  The right of access is merely the right to bring to court a grievance the inmates wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354.  Claims from denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-415 (2002).   A prisoner alleging a violation of his right of access to the courts must demonstrate that he suffered "actual injury."  Lewis, 518 U.S. at 349-350.  The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353.  The Supreme Court rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Id. at 354 (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825-826 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898-900 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).  However, prisoners have a right under the First Amendment to *litigate claims challenging their sentences or the conditions of their confinement* to conclusion without active interference by prison officials.  Silva v. DiVittorio, 658 F.3d 1090, 1103 (9th Cir. 2011).  The right under the First Amendment is meant "to ensure that a habeas petition or a civil rights complaint of a person in custody will reach a court for

consideration." Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) (as amended); see also Wolff v. McDonnell, 418 U.S. 539, 579 (1974) ("The right of access to the courts … is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights.")  Thus, a showing of "actual injury" in the context of a prisoner's right to court access does not extend to civil actions beyond a challenge to his conviction (for example, in a petition for writ of habeas corpus), or a civil rights action challenging the conditions of his confinement pursuant to Section 1983.  A prisoner has no right to court access for any other type of action, as the Supreme Court has found that "[i]mpairment of other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355.

Here, Plaintiff alleges that the Defendants' conduct caused the dismissal of his child custody case.  Thus, the case was not a civil rights action or an action which otherwise involved the conditions of Plaintiff's confinement to the extent it implicated a fundamental constitutional right.  See Lewis, 518 U.S. at 354-355 (explaining the actual injury requirement is limited to "civil rights actions" seeking to vindicate "basic constitutional rights," and noting that "Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."); see also Simmons v. Sacramento, 318 F.3d 1156, 1159-1160 (9th Cir. 2003).  Accordingly, because Plaintiff has not and cannot meet the actual injury requirement for a denial of access to the courts claim, Plaintiff's first amended complaint does not state a claim for relief.  Further, it is clear to the Court that Plaintiff is incapable of curing the deficiencies of the first amended complaint with respect to his claim by amendment.  Accordingly, Plaintiff's complaint shall be dismissed with prejudice and without leave to amend.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that a pro se litigant must ordinarily be given leave to amend unless it is absolutely clear that deficiencies in a complaint cannot be cured by further amendment).

///

///

///

IV.

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's first amended complaint is DISMISSED, with prejudice, for failure to state a cognizable claim for relief, and the Clerk of Court shall terminate this action.

IT IS SO ORDERED.

Dated:   **July 8, 2015**

UNITED STATES MAGISTRATE JUDGE